PER CURIAM:
Claimant brought this action for vehicle damage when a tree limb that was hanging over the road surface fell onto his vehicle as he traveled along W. Va. Route 103, in Horsepen, McDowell County. W. Va. Route 103 is a road maintained by respondent in McDowell County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on July 2, 1998, at approximately 1:00 to 1:30 p.m. On the sunny day in question, claimant and a friend were traveling on W. Va. Route 103 in Horsepen to visit claimant’s “homeplace.” W. Va. Route 103 is a first priority feeder road with a road surface of nineteen to twenty-one feet. On several occasions, claimant has been concerned about a large tree limb with small branches that had been hanging over the road surface of W.Va. Route 103 for about three years and he had personally contacted respondent’s Havaco office regarding the tree limb. On another occasion claimant had tried pull the branch down, but was unsuccessful. However, while traveling along the road on the day in question, the tree limb fell onto claimant’s 1995 Ford Mustang, impacting the windshield where the West Virginia State Motor Vehicle Inspection Sticker is normally located.[1] Following the 4th of July holiday, claimant informed respondent of the incident. The damage sustained to the vehicle was estimated in the amount of $213.66. Claimant’s motor vehicle insurance policy has a deductible feature of $250.00 which is the limit of any recovery herein.
The position of respondent was that it did not have notice of the tree limb hanging over the road surface of W.Va. Route 103 in Horsepen. According to respondent, a review of its records indicated no complaints regarding this area. In addition, respondent was unable to articulate why other trees hanging over the road surface of W.Va. Route 103 have not been removed.
This Court has previously held that when the evidence indicates that respondent has notice of a hazard, such as a tree limb hanging over a road surface, *148 and a reasonable opportunity to remove it, respondent may be held liable. Jones v. Division of Highways, 21 Ct. Cl. 445 (1995).
The evidence adduced at the October 28, 1 999, hearing established that respondent knew or should have known about the tree limb hanging over the road surface of W.Va. Route 103. Claimant had informed respondent of this hazard on two prior occasions. Moreover, W.Va. Route 103 is a first priority road and a reasonable inspection of the road would have made this road hazard known to respondent. The Court is of the opinion that the actions of respondent constituted negligence for which claimant may recover the estimated sustained loss. Consequently, there is sufficient evidence of negligence upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does make an award in this claim in the amount of $213.66.
Award of $213.66.

 A view of the vehicle at the October 28, 1999, hearing established that the impact of the tree limb caused what could be termed as a single line crack in the vehicle’s windshield about four inches above the bottom of the windshield and proceeding in a transverse manner from the right driver’s side almost to the passenger side.